**No. 51084.**—Protest 12979–K of Schenley Import Corp. (New York).

KEEFE, Judge: The merchandise in question in this case consists of grenadine. The collector assessed duty thereon at 20 percent ad valorem under paragraph 1558, Tariff Act of 1930, as a nonenumerated manufactured article, and in addition a tax of 0.5144 cent per pound was levied under the Sugar Act of 1937 (T. D. 49160), as articles in chief value of manufactured sugar. The plaintiff in its protest claims that the merchandise is dutiable at 15 percent ad valorem under paragraph 38, as dyeing and tanning extracts; or at 15 cents per gallon under paragraph 808, either directly or by virtue of paragraph 1559, and if so dutiable, the bottles and jugs containing the merchandise are dutiable under the provisions of paragraph 810. Alternatively, it is further claimed that the merchandise is dutiable under paragraph 501 or paragraph 502, either directly or by similitude, according to the sugar test and content.

At the trial no evidence was introduced to substantiate any of the claims made in the protest. Counsel for the plaintiff contended, however, that the primary rate should be the rate applicable under paragraph 501, as sugar, because of the component-of-chief-value clause in paragraph 1559, directing that articles not enumerated, which are in chief value, or made of two or more materials, shall pay the same rate of duty as if made wholly of the component of chief value. The extra sugar rate was not contested and all other claims except that under paragraph 501 were abandoned. Counsel for plaintiff then made the following statement:

Now, on that statement this court has before it everything necessary to a determination of the law on the subject, the classification, but lacks one thing to enable it to determine the exact amount of duty, and that is the polariscopic amount of sugar used to make the commodity, the rate being progressively higher as the polariscopic test increases. That is a detail, nobody knows exactly what that was excepting the manufacturer.

This being a food product it is, of course, reasonable to assume that highly refined sugar was used, and the importer in this case is satisfied with a judgment based on 100-degree test sugar, which is the highest rate the commodity could take if the court were to sustain the legal proposition involved. I rest on that. [Record p. 3.]

The notations of the appraiser on the invoice show that the merchandise consists of 65 percent sugar, and that 11 pounds equals 1 gallon. The invoice papers also show that the sugar content cost 7,867.10 francs and the other ingredients 5,906.25 francs. There is no evidence that any polariscopic tests were made of the merchandise to determine the sugar degrees present in the mixture or that any tests were taken to determine the total sugars present.

In *Mouquin, Inc.* v. *United States*, 23 C. C. P. A. 196, T. D. 48050, it also was contended that as sugar was the component material of chief value, the grenadine was dutiable under paragraph 501 by virtue of the mixed-material clause. The evidence there produced was to the effect that in the manufacture of 100 liters of grenadine, 99 liters of sirup of sugar which contained 90 kilos of pure sugar was used, the remainder consisting of 1 liter of grenadine flavoring extract and negligible quantities of coloring matter; that the price paid for 100 kilos of sugar was 360 francs; and that the price of grenadine flavoring extract was only a few francs. In deciding contrary to appellant's contention, our appellate court stated:

The sole question presented is: Does the record show that the component material of chief value in the grenadine at bar is any of the articles mentioned in paragraph 501? Assuming without deciding that the importation should be classified in accordance with appellant's contention, if it has shown the component material of chief value to be provided for in said paragraph 501, we think appellant has failed to make the required proof. We have hereinbefore quoted appellant's pertinent proof and the answer to the protest, in which is found the only matter which discloses or attempts to disclose the nature of the material at bar with respect to its so-called sugar content. The United States analyst found that by testing by the polariscope the *grenadine* contained less than 50 sugar degrees. This is not proof that the "syrup of sugar", which, according to the statement of appellant's witness, went into the grenadine, contained sugar such as is provided for under the first part of paragraph 501, nor does this show that, when tested by the polariscope, it was such a mixture of sugar and water containing above 50 sugar degrees under the second part of paragraph 501. We do not mean here to intimate that this record shows that the "syrup of sugar" which went into the grenadine responds to the term "all mixtures containing sugar and water" as provided for in the paragraph.

Appellant contends here that it has shown that sugar was the most costly ingredient in the grenadine and that the mandatory provisions of paragraphs 1460 [Act of 1922] and 1559 [Act of 1930], respectively, should be applied. The difficulty with appellant's contention is that it has not shown that sugar or sugar substances such as are provided for in paragraph 501 are the component materials of chief value.

In view of the court's holding in the *Mouquin* case, *supra*, we are of the opinion that the invoice and entry papers fail to disclose that the component materials of chief value of the grenadine in question consist of such sugars or sugar substances as are provided for in paragraph 501. Nor do we think that the plaintiff's willingness to accept the rate applicable to a 100-degree test sugar would aid in bringing the merchandise within the classification of the sugars covered by paragraph 501.

Judgment will therefore be entered in favor of the Government.